## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

BASF CORPORATION,

     Plaintiff,

v.                                                                    Case No. 8:23-cv-2921-WFJ-AEP

JUST PAINT IT INC. and
LEONARD ROBERT DEFEO III,

     Defendants.

_____/

## ORDER GRANTING IN PART FINAL DEFAULT JUDGMENT

Before the Court is Plaintiff BASF Corporation's Motion for Default
Judgment (Dkt. 19), together with two sworn declarations filed in support of the
motion (Dkts. 19-1, 19-2).  After careful consideration of the allegations of the
complaint (Dkt. 1), Plaintiff's submissions, and the entire file, the Court concludes
the motion is due to be granted in part.

### Liability[1]

In November 2020, BASF Corporation ("BASF"), a manufacturer of after-
market refinishing products for cars and trucks, and Just Paint It Inc. ("Just Paint
It"), a body shop, entered into a written requirements contract.  Dkt. 1-1

---

[1] The Court has diversity jurisdiction in this action involving an exclusive requirements contract
to purchase a minimum monetary amount of products for well over $75,000.00.

("Requirements Agreement"). Governed by Michigan state law, the agreement required Just Paint It to purchase a minimum of $829,863.00 of specific BASF products (Glasurit and RM brands) from BASF's authorized dealers. *Id*. ¶¶ 1, 9. Just Paint It was prohibited from buying any other brand of refinishing products. *Id*. ¶ 2. As consideration for the contract, BASF paid $150,000.00 to Just Paint It. *Id*. ¶ 3 ("Contract Fulfillment Consideration"). As further consideration, BASF loaned certain equipment and toners to Just Paint It. *Id*. ¶¶ 4, 5. The requirements agreement would continue until reaching the minimum purchase of $829,863.00. *Id*. ¶ 1 ("Term").

Defendant Leonard Robert DeFeo III, the owner of Just Paint It, signed the requirements agreement twice—for Just Paint It and for himself individually. Dkt. 1-1 at 6. Per the terms of the agreement, Mr. DeFeo personally guaranteed "the performance of [Just Paint It] under the terms of the Agreement" and the "repayment of the Contract Fulfillment Consideration to BASF as may be required under this Agreement." *Id*. ¶ 15.

The agreement provides for a remedy in the event prior to the fulfillment of the minimum purchase 1) the agreement terminate for any reason, or 2) if Just Paint It sold its body shop. *Id*. ¶ 6 ("Remedy"). In the event of termination or sale, Just Paint It was required to pay all outstanding invoices, return the equipment or repay its retail value, and reimburse BASF the $150,000.00 consideration at 110%

($165,000.00) if less than one-fifth of the minimum purchases had been made. *Id*. ¶ 6.

BASF seeks damages for breach of the requirements agreement against Just Paint It and its owner, Mr. DeFeo, jointly and severally. Dkt. 1 at 7–10 (Counts I and II). Count III seeks unjust enrichment against both Defendants. *Id*. at 10–11.[2]

Process was served on each Defendant. Dkts. 14, 15. The Defendants failed to plead or otherwise defend the complaint.[3] A clerk's default was properly entered against each Defendant. Dkt. 18.

"Entry of default judgment is only warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (citation omitted). The standard for a "sufficient basis" is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Surtain*, 789 F.3d at 1245 (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997)). Each Defendant is deemed to have admitted liability on the well-pleaded allegations of fact in the complaint. *Buchanon v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

---

[2] Plaintiff does not seek a default judgment on Count IV for a declaration of rights under the contract. Dkt. 1 at 12.

[3] Although Mr. DeFeo appeared in the case when he filed a motion for extension of time to answer, since then he has not filed another paper. *See* Dkt. 12 (motion dated Jan. 31, 2024).

Just Paint It breached the agreement in April 2023 by closing its Circle N Clearwater location, opening a new business location, and ceasing to purchase BASF refinishing products prior to fulfilling the minimum purchase amount of $829,863.00.  Dkt. 1 at 5.  At the time of the breach and termination, only $123,368.57 in products had been purchased, leaving a balance of $706,494.43. *Id*. at 5, 7.  Because the amount purchased is less than one-fifth of the required minimum, a refund is due of 110% of the contract consideration, or $165,000.00. Id. at 5–8; Dkt. 1-1 ¶ 6.  The value of the loaned equipment equals $34,854.90. Dkt. 1 at 6, 8.

The Court finds Just Paint It and Mr. DeFeo, as guarantor, are liable, jointly and severally, to BASF for these breaches.

## Damages

Where the damages are capable of mathematical calculation, a hearing is unnecessary.  *See* Fed. R. Civ. P. 55(b)(1); *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015); *SEC v. Smyth*, 420 F.3d 1125, 1231–32 n.12, 13 (11th Cir. 2005). BASF seeks the balance remaining on the minimum requirement of $706,494.43, reimbursement of the contract consideration at 110% ($165,000.00) per the schedule for breach and early termination, and payment of the retail value of the loaned equipment at $34,854.90.

4

In two other cases involving a similar BASF contract on a motion for default judgment, the federal district courts limited damages for the breach of the BASF requirements contract and unjust enrichment. *BASF Corp. v. R & B Custom Auto, Inc.*, No. 23-11107, 2023 WL 8039410 (E.D. Mich. Nov. 20, 2023); *BASF Corp. v. Medina Auto & Collision, Inc.*, No. 21-cv-3556(DRH)(ARL), 2022 WL 2302152 (E.D. N.Y. June 27, 2022). Neither court awarded damages for the remaining balance on the minimum purchase requirement under the agreements. In *R & B Custom Auto*, the court granted a default judgment "limited to those damages that would have put [BASF] in as good of a position as it would have been had R&B not breached the contract." 2023 WL 8039410, at *2. In *Medina Auto*, the court held that BASF is entitled to "at most the profit [BASF] would have made from its sale of the products to an authorized dealer" and not the purchase balance remaining due on the minimum purchase requirement. 2022 WL 2302152, at *2 n.1.

The Court agrees with this reasoning and finds that BASF has substantiated its contract damages in the sum certain of the refund of $165,000.00, and the value of the loaned equipment at $34,854.90, for a total of $199,854.90. The balance due of $706,494.43 on the remaining minimum purchase requirement does not represent BASF's actual damages and is therefore denied.

## Costs

Plaintiff attaches to counsel's declaration the itemized receipts to support costs.  Dkt. 19-1 at 4–5, 36–38.  As the prevailing party, Plaintiff seeks taxable costs of the clerk's filing fee of $405.00 and of the process server's fees of $217.50.  *Id*.  A prevailing party is entitled to these taxable costs pursuant to Federal Rule of Civil Procedure 54(d), as defined by Congress in 28 U.S.C. § 1920.  *See Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987) ("§ 1920 defines 'costs' as used in Rule 54(d)").[4]  Although private process server fees are recoverable under § 1920(1) and § 1921, the rates may not exceed those authorized in § 1921, which is $65 per hour and necessary travel with mileage.  *EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000).[5]  Because the documentation does not detail the server's hourly rate or the time expended to effectuate service, taxable costs must be limited to $130 for service on the two Defendants.  *See Martin v. Sabo*, No. 8:22-cv-640-TPB-UAM, 2024 WL 1420471, at *3 (M.D. Fla. Mar. 14, 2024), *adopted*, 2024 WL 1417397 (M.D. Fla. Apr. 2, 2024).

Accordingly, it is therefore **ORDERED AND ADJUDGED** as follows:

---

[4] There is no provision in the requirements agreement addressing an award of attorney's fees and costs to the prevailing party.  Dkt. 1-1.

[5] The U.S. Marshals Service may charge $65 per hour.  28 C.F.R. § 0.114(a)(3).

1. Plaintiff's motion for default final judgment (Dkt. 19) is granted in part and denied in part.

2. Plaintiff shall recover damages for the value of the loaned equipment in the amount of $34,854.90, and the reimbursement of the contract consideration in accordance with the schedule per the agreement in the amount of $165,000.00, for a total of $199,854.90, for which Defendants are jointly and severally liable.

3. Plaintiff shall recover costs of $405.00 and $130.00, for a total of $535.00.

4. The Clerk is directed to enter a final default judgment in favor of Plaintiff BASF Corporation and against Defendants Just Paint It Inc. and Leo DeFeo III, jointly and severally, consistent with paragraphs 2 and 3, together with post-judgment interest to accrue at the legal rate, all for which let execution issue.

5. The Clerk is directed to terminate any pending deadlines and close the case.

**DONE AND ORDERED** at Tampa, Florida, on August 8, 2024.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

7